William Edward **DRESSELHAUS**, Jr.,
Plaintiff,

v.

**Douglas H. PUGH et al., Defendants.**

No. 43696.

United States District Court
N. D. California, S. D.

Dec. 2, 1965.

James T. McDonald, Dunn, Hart & McDonald, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendants.

ZIRPOLI, District Judge.

Plaintiff is an enlisted man in the United States Navy. He has instituted this action in an effort to prevent his separation from naval service. He seeks a temporary injunction preventing his discharge and a declaratory judgment under 28 U.S.C., §§ 2201, 2202, and 5 U.S.C., § 1009. A temporary restraining order preventing plaintiff's discharge pending the decision in this case was ordered.

Plaintiff alleges that the defendants have violated applicable regulations and acted in excess of the statutory authority granted by Congress. He further alleges that the action of the military discharge board was arbitrary and capricious and a denial of due process of law.

The defendants have moved to dismiss the complaint, alleging that the plaintiff has failed to exhaust appropriate administrative remedies. Defendants point out that plaintiff is free to present his case, following his discharge, before a review board (10 U.S.C., § 1553), and the Board for the Correction of Naval Records (10 U.S.C., § 1552). Defendants further allege that plaintiff's discharge is consonant with due process of law, and that there is no basis for the court to prevent the Department of the Navy from enforcing its order.

The record before the Court indicates that plaintiff executed a detailed written statement admitting various homosexual activities. These admissions resulted in processing under applicable naval regulations. Bureau of Personnel Manual, Article C–10311; Secretary of the Navy Instruction, 1900.9. Plaintiff refused to sign a request for discharge and asserted that it was in his best interest to be tried by court-martial. This request was denied, and under protest plaintiff elected to have his case heard before an administrative tribunal. 32 C.F.R. 730.14, 730,-15.

Plaintiff's major contention that the defendants violated applicable military regulations by denying his request for court-martial proceedings was resolved adversely to plaintiff in Unglesby

v. Zimny, D.C., 250 F.Supp. 714 (N.D. Calif. 1965).

 The Court is of the opinion that there is no basis upon which plaintiff could sustain the burden of establishing a likelihood of success on appeal to the District Court. Under these circumstances, judicial intervention prior to the final construction and application of the contested regulations by the administrative appellate boards would be unwise and unwarranted.

Plaintiff also asserts that he is entitled to review of the discharge board's recommendation by 5 U.S.C., § 1009. The Court is not persuaded that this statute is applicable to the pleadings in this case. See Reed v. Franke, 297 F.2d 17, 21 (4 Cir. 1961). Final resolution of this point is not necessary, since a careful review of the proceedings before the discharge board establishes that they could not be characterized as either arbitrary or capricious.

The temporary restraining order is discharged, the motion to dismiss granted, the petition for injunctive and declaratory relief is denied, and the complaint is dismissed.